UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL KUTA
on behalf of himself and other persons
similarly situated, known and unknown;

       Plaintiff,

                                            Case No._____
                                            Hon._____

v.

NEXEN CORPORATION d/b/a
NEXEN LOGISTICS; STEPHEN KIRKA;
and JANEL LYNN KIRKA;
jointly and severally;

              Defendants.
_____/

John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
**Attorneys for Plaintiff**
_____/

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff MICHAEL KUTA on behalf of himself and other persons similarly situated, known and unknown, by and through his attorneys the MAURICE & JANE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE and for his Complaint, does hereby allege as follows:

## I. NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C §201 *et. seq.* ("FLSA") and the Michigan Minimum Wage Law of 1964, MCL 408.381 *et. seq.* ("MMWL") for Defendants' failure to pay minimum wage and overtime wages to Plaintiff, and other similarly situated employees and under breach of contract by Defendants. Defendants' unlawful compensation practices have denied Plaintiff, and other similarly situated persons, their earned wages.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C § 1331 and 29 U.S.C § 216(b). This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367. The pendant state claims are part of the same case or controversy and do not predominate or raise novel or complex issues

3. Venue is proper pursuant to 28 U.S.C §1391, since all Defendants reside in or are located within this District and the events giving rise to this actions occurred in this District.

## III. PARTIES

4.     Plaintiff MICHAEL KUTA resides in the City of Southfield in Oakland County, Michigan and is a citizen of the United States.  In 2017, Plaintiff MICHAEL KUTA worked at NEXEN CORPORATION in Hazel Park, Michigan.

5.     Defendant NEXEN CORPORATION d.b.a. NEXEN LOGISTICS ("NEXEN CORP.") is and was at all times material hereto, a body corporate incorporated and registered under the laws of the State of Michigan.  The Defendant NEXEN CORP. maintains offices, warehouses and dispatch locations in the Cities of Hazel Park and Utica in Oakland County, and the City of Romulus in Wayne County, Michigan.

6.     Defendant STEPHEN KIRKA is and was at all times is and was at all times material hereto, an owner, officer, and/or manager of the Defendant NEXEN CORP.; from their offices and warehouses; and resides in the City of Sterling Heights in Oakland County, Michigan.

7.      Defendant JANEL LYNN KIRKA is and was at all times is and was at all times material hereto, an owner, officer, and/or manager of the Defendant NEXEN CORP.; from their offices and warehouses; and resides in the City of Sterling Heights in Oakland County, Michigan.

## IV. COMMON ALLEGATIONS OF FACT

8. In late 2017, Plaintiff MICHAEL KUTA was employed by the Defendants as a delivery driver.

9. Plaintiff MICHAEL KUTA worked from Defendants warehouse and dispatch center located at 1400 E.10 Mile Road, Hazel Park, Michigan.

10. The Defendant NEXEN CORP. is, and was at all times material hereto, engaged in the business of delivering packages for Amazon.com.

11. The Defendants STEPHEN KIRKA and JANEL LYNN KIRKA were at all times material hereto, owners, officers, managers, and/or employees of the Defendant NEXEN CORP.

12. The Defendants STEPHEN KIRKA and JANEL LYNN KIRKA exercise significant control over the operations of the Defendant NEXEN CORP., and had supervisory duties, participated in or set employee policies, and acted in the interest of the Defendant NEXEN CORP. in relation to the Plaintiff MICHAEL KUTA and other persons similarly situated.

13. Each of the Defendants were individually, jointly, and/or alternatively an employer of the Plaintiff MICHAEL KUTA and other persons similarly situated.

14. Defendants operated as a single enterprise or alternatively, some combination of these Defendants operated as a single enterprise.

15. At all times, federal and Michigan laws required that the Defendants compensate the Plaintiff MICHAEL KUTA and other persons similarly situated individuals at pay rates in an amount meeting at least the minimum wage rate.

16. Under the Fair Labor Standards Act, the federal minimum wage rate is $7.25 per hour.

17. Under the Michigan Workforce Opportunity Wage Act, the state minimum wage rate was $8.90 per hour from January 1, 2017 through December 31, 2017; and $9.25 per hour from January 1, 2018 through the present.

18. Prior to being assigned to a "ride-a-long" with another driver, Plaintiff MICHAEL KUTA was required to watch online videos for an overview about delivering Amazon packages.

19. Plaintiff MICHAEL KUTA was not paid for his time watching the online training videos.

20. On or about November 20, 2017, Plaintiff MICHAEL KUTA was assigned to a ride-along with another driver.

21. On the day of the ride-along, Plaintiff MICHAEL KUTA worked from approximately 8:00 am to 9:00 pm.

22. Plaintiff MICHAEL KUTA was compensated a flat rate of $75.00 for all hours worked on the day of the ride-along.

23. During his employment, Plaintiff MICHAEL KUTA was required to sign in at the warehouse when he arrived to work and to sign out at the warehouse when he finished for the day.

24. Plaintiff MICHAEL KUTA's time (and locations) were tracked by a handheld device that he was assigned to him by the Defendants.

25. The handheld device was called "The Rabbit."

26. The handheld device frequently malfunctioned.

27. Approximately one week after beginning work, Plaintiff MICHAEL KUTA was made aware of time-tracking software by his employer and was instructed to download an app to his phone.

28. The time-tracking app was called "T-Sheets."

29. After downloading, the app had to then be activated by the vendor and his employer before it would then be available to use.

30. The time-tracking app was not available for Plaintiff MICHAEL KUTA to use until approximately one and a half weeks after he began working.

31. Defendants failed to Plaintiff MICHAEL KUTA, and persons similarly situated, for all hours worked and shorted him on his paychecks.

32. During and after his employment with the Defendants, Plaintiff MICHAEL KUTA requested that he be paid for all hours worked.

33. Despite his requests, the Defendants refused to reimburse Plaintiff MICHAEL KUTA for all hours worked.

34. As a result of not paying employees' for all hours worked, Defendants failed to pay Plaintiff MICHAEL KUTA and other persons similarly situated at the federal or state minimum wage rates.

35. Under the Fair Labor Standards Act and the Michigan Workforce Opportunity Wage Act, Defendants are required to pay Plaintiff MICHAEL KUTA and other persons similarly situated compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

36. When the Plaintiff MICHAEL KUTA began working with the Defendants he was told that he would be paid $13.00 per hour for all work and Plaintiff agreed to be hired at that rate.

37. After he was hired and began working and inquired about discrepancies in the amounts paid on his pay checks, Plaintiff MICHAEL KUTA was informed that he was sometimes paid a flat rate for days worked.

38. Throughout the time that he worked for the Defendants, Plaintiff MICHAEL KUTA and other persons similarly situated often worked more than forty (40) hours in a workweek.

39. Plaintiff MICHAEL KUTA, and other persons similarly situated, regularly worked 10 to 16 hour each work days.

40. During his employment with the Defendants, Plaintiff MICHAEL KUTA requested that he be paid overtime pay for hours worked that exceeded forty (40) hours in a week.

41. Despite his requests, the Defendants refused to pay the Plaintiff MICHAEL KUTA overtime wages for all work in excess of forty (40) hours per week.

42. Throughout the time of his employment, the Defendants maintained a policy or practice, which applied to all employees, of not paying overtime wages for all work in excess of forty (40) hours.

43. Defendants failed to pay Plaintiff MICHAEL KUTA and other persons similarly situated compensation not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours during a single workweek.

44. Throughout the time of Plaintiffs' employment, the Defendants failed to maintain proper records of their employees' work time.

45. During Plaintiffs' employment, Defendants had a policy or practice, which applied to all employees, of not investigating disputed hours and not paying employees' for those hours.

8

46. In violation of the federal and Michigan law, Defendants failed to pay Plaintiff MICHAEL KUTA and similarly situated individuals, for all hours worked and at proper wage rates for overtime hours worked.

## V. CLASS & COLLECTIVE ACTION

47. Plaintiff incorporates by reference paragraphs 1 through 46 as though fully stated herein,

48. Counts 1 & 2 are brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. 216(b).

49. A copy of Plaintiff MICHAEL KUTA's consent to bring his claim for unpaid overtime wages under the Fair Labor Standards Act as a representative action is attached hereto as Exhibit A.

50. The collective class consists of all persons who were, as alleged herein, employees of the Defendants hired as delivery drivers and who were not properly paid at required minimum wage and overtime rates.

51. Counts 3, 4, 5 & 6 are brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because:

> a. the class of plaintiffs is so numerous that joinder of all class members is impracticable;
>
> b. there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

    c. the claims or defenses of the representative party is typical of the claims of the class;

    d. the representative parties will fairly and adequately assert and protect the interests of the class; and

    e. the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

52. The class representative and the class members have been equally affected by Defendants' failure to pay minimum wages and overtime pay.

53. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

54. The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

55. The class representative, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

56. The class representative is able to fairly and adequately represent and protect the interests of the class.

57. If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

58. A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## COUNT 1: VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
**(Minimum Wage)**

59. Plaintiff incorporates by reference paragraphs 1 through 58 as though fully stated herein.

60. At all times relevant to this action, Plaintiff MICHAEL KUTA and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Fair Labor Standards Act 29 U.S.C §201 *et. seq.*

61. At all times relevant to this action, Defendants were the employer of Plaintiff MICHAEL KUTA and other persons similarly situated within the meaning of the Fair Labor Standards Act, 29 U.S.C §201 *et. seq.*

62. In violation of the Fair Labor Standards Act 29 U.S.C §201 *et. seq.*, Defendants failed to pay Plaintiff MICHAEL KUTA and other persons similarly situated at the federal minimum wage rate.

63. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff MICHAEL KUTA and other persons similarly situated at federal minimum wage rates

11

64. Defendants knowingly, intentionally, and willfully failed to pay MICHAEL KUTA and other persons similarly situated at the federal minimum wage rate.

65. As a result of Defendants conduct Plaintiff MICHAEL KUTA and other persons similarly situated, known and unknown, are entitled to an award of damages including but limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as followed by law and equity.

## COUNT 2: VIOLATION OF THE FEDERAL
## FAIR LABOR STANDARDS ACT
## (Overtime)

66. Plaintiff incorporates by reference paragraphs 1 through 65 as though fully stated herein.

67. At all times relevant to this action, Plaintiff MICHAEL KUTA and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

68. At all times relevant to this action, Defendants were the employer of the Plaintiff MICHAEL KUTA and other persons similarly situated within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

69. In violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, Defendants failed to pay Plaintiff MICHAEL KUTA and other persons similarly

situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

70. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff MICHAEL KUTA and other persons similarly situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

71. Defendants knowingly, intentionally, and willfully failed to pay Plaintiff MICHAEL KUTA and other persons similarly situated at the federal overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

72. As a result of Defendants' conduct, Plaintiff and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

### COUNT 3: VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### (Minimum Wage)

73. Plaintiff incorporates by reference paragraphs 1 through 72 as though fully stated herein.

74. At all times relevant to this action, Plaintiff and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

75. At all times relevant to this action, Defendants were the employer of the Plaintiff and other persons similarly situated within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*.

76. In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq*., Defendants failed to pay plaintiff MICHAEL KUTA and other persons similarly situated at the Michigan minimum wage rate for all hours worked.

77. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff MICHAEL KUTA and other persons similarly situated at Michigan minimum wage rates.

78. Defendants knowingly, intentionally, and willfully failed to pay MICHAEL KUTA and other persons similarly situated at Michigan's minimum wage rate.

79. As a result of Defendants' conduct Plaintiff MICHAEL KUTA and other persons similarly situated, known and unknown, are entitled to an award of damages including but limited to compensatory damages, liquidated damages,

punitive damages, costs, attorneys' fees, prejudgment interest and other damages as followed by law and equity.

## COUNT 4: VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
### (Overtime)

80. Plaintiff incorporates by reference paragraphs 1 through 79 as though fully stated herein.

81. At all times relevant to this action, Plaintiff MICHAEL KUTA and other persons similarly situated were nonexempt employees of the Defendants within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

82. At all times relevant to this action, Defendants were the employer of the Plaintiff MICHAEL KUTA and other persons similarly situated within the meaning of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*

83. In violation of the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*, Defendants failed to pay Plaintiff MICHAEL KUTA and other persons similarly situated at Michigan's overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

84. Defendants engaged in a pattern or practice of failing and/or refusing to compensate Plaintiff MICHAEL KUTA and other persons similarly situated at the state's overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

85. Defendants knowingly, intentionally, and willfully failed to pay Plaintiff MICHAEL KUTA and other persons similarly situated at the Michigan overtime rate of one and one-half times their normal rate of pay when working more than forty (40) hours during a week.

86. As a result of Defendants' conduct, Plaintiff MICHAEL KUTA and other persons similarly situated, known and unknown, are entitled to an award of damages including but not limited to compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## **COUNT 5: BREACH OF CONTRACT**

87. Plaintiff incorporates by reference paragraphs 1 through 86 as though fully stated herein.

88. At the time of accepting employment with the Defendants, a contract was formed and existed between the Plaintiff MICHAEL KUTA and other persons similarly situated and the Defendant NEXEN CORP.

89. Defendants breached the terms and conditions of the contract by:

    a. Failing to pay Plaintiff MICHAEL KUTA and other persons similarly situated for all hours worked;

    b. Failing to pay Plaintiff MICHAEL KUTA and other persons similar situated at agreed upon wage rates for worked performed;

    c. Paying Plaintiff MICHAEL KUTA and other persons similar situated less than the agreed upon wage rate after work was performed; and

    d. Failing to pay the legally required overtime rate to Plaintiff MICHAEL KUTA and other persons similarly situated for overtime hours worked.

90. As a result of Defendants' conduct, Plaintiff MICHAEL KUTA and similarly situated individuals are entitled to an award of damages, costs, attorney fees, prejudgment interest and other damages as allowed by law and equity.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff MICHAEL KUTA and other persons similarly situated, known and unknown, demands a jury trial and prays that this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries so wrongfully sustained by the Plaintiff including but not limited to compensatory damages, liquidated damages, punitive damages, interest, costs, and attorney fees and other damages allowed in law and equity.

    Respectfully Submitted,

    By: */s/ John C. Philo*
    John Philo
    Tony Paris
    MAURICE & JANE SUGAR LAW CENTER
    FOR SOCIAL AND ECONOMIC JUSTICE

                    4605 Cass Avenue, Second Floor
                    Detroit, MI 48201
                    **Attorneys for Plaintiff**

Dated: March 9, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KUTA
on behalf of himself and other persons
similarly situated, known and unknown;

    Plaintiff,

                                           Case No._____
                                           Hon._____

v.

NEXEN CORPORATION d/b/a
NEXEN LOGISTICS; STEPHEN KIRKA;
and JANEL LYNN KIRKA;
jointly and severally;

    Defendants.
_____/

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

    By my signature below, I represent to the Court that I have been employed by the above-named Defendants within the prior three (3) years, that I have not been paid the federally mandated minimum wages/and or overtime wages due to me pursuant to 29 USC §§206-207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:      MICHAEL KUTA

Signature:    *[signature]*

Date on which I signed this notice: Feb. 21, 2018

John Philo (P52721)
Tony Paris (P71525)
**SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE**
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
*Attorneys for Plaintiff*

2