# EXHIBIT 1

Settlement Agreement and Release of Claims

## SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (this "Agreement") is made by and between Michael Kuta ("Plaintiff") and Nexen Corporation DBA Nexen Logistics ("Nexen"), Stephen Kirka ("Stephen"), and Janel Kirka ("Janel"). In this Agreement, Nexen, Stephen, and Janel are collectively referred to as the "Defendants". In this Agreement, Kuta, Nexen, Stephen and Janel are referred to collectively as the "Parties" and each as a "Party."

### Recitals

A. On March 9, 2018, Plaintiff brought a civil action against Defendants in the United States District Court for the Eastern District of Michigan (the "Court") entitled *"Michael Kuta, on behalf of himself and other persons similarly situated, known and unknown, Plaintiff v. Nexen Corporation d/b/a Nexen Logistics, Stephen Kirka, and Janel Lynn Kirka, jointly and severally, Defendants,"* No. 2:18-cv-10797-TGB-APP (the "Action").

B. The Parties desire to compromise, settle and forever resolve the Action and dispose of all differences and potential claims and controversies existing between them, in the past, and up to and including the date on which this Agreement becomes effective.

C. In the negotiation and drafting of this Agreement, Defendants have been represented by Gasiorek, Morgan, Greco, McCauley & Kotzian, P.C., and Plaintiff has been represented by the Maurice & Jane Sugar Law Center for Social and Economic Justice.

D. Nothing contained in this Agreement, and no act taken pursuant to it, will constitute an admission by Defendants of any liability to Plaintiff.

E. The Parties acknowledge and represent that they are fully competent to enter into this Agreement, that they have had a reasonable amount of time in which to consider this Agreement before executing it, that they have been advised by their respective attorneys about its terms and effect, and that they enter into this Agreement knowingly and voluntarily.

NOW, THEREFORE, in consideration of the foregoing promises and other good and sufficient consideration contained hereinafter, the sufficiency of which is hereby acknowledged, the parties agree as follows:

### Terms

**1. Court approval.** The parties agree that because Plaintiff has asserted claims under the Fair Labor Standards Act, this settlement must be approved by the Court in order for this Agreement to be effective. Therefore, upon the parties' full execution of this Agreement, the parties will jointly move the Court to approve the settlement described in this Agreement.

**2. Effective Date.** The "Effective Date" shall be when this Agreement is fully executed and the Court has entered an order approving the settlement described in this Agreement (the parties will jointly move the Court to approve the settlement).

**3. . Documents to be provided by Parties.** Within 14 days after the Effective Date of this Agreement, Defendants will cause to be delivered to Plaintiff's counsel at 4605 Cass Avenue, Detroit, MI 48201 three (3) payments totaling Two Thousand Five Hundred Dollars ($2,500.00)

- A. a check, made payable to "Michael Kuta.," in the gross amount of $750.00 representing unpaid wages from which employment taxes will be withheld and/or deducted, and for which Nexen will issue a W-2 Wage & Tax Statement to Plaintiff; and

- B. a check, made payable to "Michael Kuta.," in the gross amount of $750.00 representing liquidated damages for which Nexen will issue a 1099 to Plaintiff; and

- C. a check, made payable to "Maurice & Jane Sugar Law Center for Social and Economic Justice" in the amount of $1,000.00, for which Nexen will issue a Form 1099 to Plaintiff and Plaintiff's counsel, representing Plaintiff's attorneys' fees and costs of suit.

**4. No payroll tax deductions and withholding from certain payments.** Because the Attorneys' Fees Settlement Payment is intended to settle claims other than claims for wages, Defendants will not take payroll tax withholding and deductions from those payments and will issue a 1099 for those payments as required by IRS rules. Plaintiff agrees and acknowledges that he shall be solely responsible for the payment of any and all taxes on those payments that may be imposed by a taxing authority.

**5. Release of Claims.** Plaintiff, on behalf of himself individually and his heirs, successors, agents, and all other related persons or entities who could assert a claim based on his relationship and/or dealings with Defendants, waives and releases any and all claims that exist or might exist against Defendants, current and former predecessors, successors, affiliates, subsidiaries, directors, officers, employees or former employees, agents, attorneys, insurers, heirs and assigns, and any business entity wholly or partially owned by Defendants, including but not limited to all rights, claims, losses and damages of any nature, including but not limited to those arising from or related to the incidents alleged in the Action. These released claims include, but are not necessarily limited to, claims arising from Plaintiff's employment with Defendants; Plaintiff's separation from employment; claims arising under federal, state and local statutory or common law, including but not limited to the Fair Labor Standards Act and Michigan's Workforce Opportunity Wage Act, employment statutes, and the law of contract, equity and tort. These claims include any claim for the recovery of attorneys' fees and costs. These claims do not, however, include any claim based on conduct occurring after the Parties execute this Agreement or any claim arising under this Agreement, any claims for workers' compensation or unemployment insurance benefits, any claim for vested benefits under ERISA, and any claim that by law cannot be waived by private agreement without judicial or governmental supervision.

Plaintiff further agrees not to bring or participate in any class action or collective action against Defendants or its related entities, asserting any of the released claims identified in this

2

section. Plaintiff intends, by his release of claims set forth in this section, to release all such claims, whether known or unknown by him.

**6. No re-hire. Plaintiff represents that he does not seek reemployment or rehire by the Defendants.** In consideration of the promises made by the Parties in this Agreement, Plaintiff will not apply for, seek re-employment or assignment, including but not limited to regular full-time or part-time employee, contractor, and forsakes any right to be re-employed by Defendants. If Plaintiff does so, Defendants have the right to refuse to employ Kuta without recourse.

**7. Severability.** If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect. The Parties hereby warrant that they will not seek to void any provision of this Agreement as unenforceable.

**8. Binding agreement.** This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them. Notwithstanding any privilege applicable to settlement proceedings, this Agreement may be introduced into evidence to prove the Parties' settlement agreement.

**9. Entire agreement.** The Parties acknowledge that no promise or inducement has been offered except as set forth in this Agreement and that they execute this Agreement without reliance upon any statement or representation other than what is contained in this Agreement. This Agreement constitutes the entire Agreement between the Parties with respect to the matters that it covers and supersedes all prior and contemporaneous agreements, representations and understandings of the Parties with respect to those matters. This Agreement may be amended only by written agreement, signed by the Party or Parties to be bound by the amendment.

**10. Admissibility of agreement.** Notwithstanding any law or judicial principle, this Agreement may be introduced into evidence to prove its existence and terms and conditions in the event of any adversary proceeding between the Parties to enforce the Agreement.

**11. Governing law.** Except where federal law applies, this Agreement is made, and will be construed, under Michigan law.

**12. Counterpart originals.** This Agreement may be executed in counterpart originals with each counterpart to be treated the same as a single original. Facsimile and e-mail copies will be treated as originals.

**13. Attorneys' fees.** The Parties acknowledge that they are responsible for their own attorneys' fees and costs in this action and that neither party is a prevailing party for any purpose.

**14. Waiver.** No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by the party to this Agreement against whom such waiver is sought to be enforced. The waiver by any party hereto of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

**15. Knowing and voluntary agreement.** The Parties acknowledge that they have carefully read this Agreement, that they understand its terms, that all understandings and agreements between them relating to the subjects covered in the Agreement are contained in it, and that they have entered into the Agreement voluntarily and not in reliance on any promises or representations other than those contained in this Agreement itself. The Parties further acknowledge that they have reviewed this Agreement with their respective legal counsel who have ensured that they understand the Agreement and enter into it knowingly and voluntarily.

-----------------------SIGNATURES APPEAR ON THE FOLLOWING PAGE------------------------

The Parties hereby execute this Agreement.

Dated: October __11__, 2018.  MICHAEL KUTA

*/s/ Michael Kuta*

Dated: October ___, 2018.  NEXEN CORPORATION DBA NEXEN LOGISTICS

By: _____
     Stephen Kirka, its President & CEO

Dated: October ___, 2018.  STEPHEN KIRKA

_____

Dated: October ___, 2018.  JANEL KIRKA

_____

5